**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4242-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RASHAWN M. ALEXANDER, a/k/a
RASHAN ALEXANDER and RASHAWNN
M. ALEXANDER,

    Defendant-Appellant.

_____

        Submitted September 18, 2017 — Decided October 18, 2017

        Before Judges Sabatino and Whipple.

        On appeal from Superior Court of New Jersey,
        Law Division, Burlington County, Indictment
        No. 15-06-0840.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Molly O'Donnell Meng, Assistant
        Deputy Public Defender, of counsel and on the
        brief).

        Christopher S. Porrino, Attorney General,
        attorney for respondent (Jenny M. Hsu, Deputy
        Attorney General, of counsel and on the
        brief).

PER CURIAM

Defendant appeals from a March 11, 2016 judgment of conviction following a guilty plea for second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1). He argues the trial judge should have granted his motion to suppress. We disagree and affirm.

On November 16, 2014, police responded to a call that an individual had forced his way into a home in Florence Township and dragged the homeowner out of the house into the street. When police arrived, the homeowner identified defendant by name, informed police defendant assaulted him, and warned defendant had a weapon. Sergeant Jonathan Greenberg observed defendant running away, drove his vehicle into an alley near defendant, exited, made eye contact with defendant, observed him holding a gun in his right hand, and ordered him to stop.

Defendant did not stop, and the officers pursued him to a house, where defendant went inside. The officers followed and announced themselves at the door when defendant's grandmother answered. She allowed the officers to enter, and family members told the officers that defendant was in the basement. Defendant came upstairs and was arrested. Sergeant Greenberg and another officer, who had arrived for backup, conducted a search of his person, but did not find any evidence.

2

Sergeant Greenberg then entered the basement to search for evidence while the other officer remained with defendant. Defendant loudly voiced his objection to the search. As he entered the basement, Sergeant Greenberg noticed one round of ammunition on the floor but was unable to examine anything further because he had to quickly return upstairs when defendant caused a commotion in the kitchen. Sergeant Greenberg and the other officer restrained defendant, escorted him from the residence, and placed him in a responding police car. Sergeant Greenberg then returned to the residence and requested consent to search it. He initially requested consent from defendant's grandmother, but she explained that defendant's father was the actual homeowner. After Sergeant Greenberg read defendant's father a standardized consent form, he acknowledged his consent and signed the form. Sergeant Greenberg then re-entered the basement, where he found and recovered a rifle, a handgun, ammunition, and some PCP.

Defendant was indicted for second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a); third-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(d); unlawful possession of a firearm, N.J.S.A. 2C:39-5(b); aggravated assault, N.J.S.A. 2C:12-1(b)(4); burglary, N.J.S.A. 2C:18-2(a)(1); criminal mischief, N.J.S.A. 2C:17-3(b)(2); resisting arrest, N.J.S.A. 2C:29-2(a)(3)(b); possession of a

controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1); and certain persons not to have weapons, N.J.S.A. 2C:39-7(b). Defendant moved to dismiss the indictment, and on June 9, 2015, the trial judge granted the motion without prejudice. On June 30, 2015, defendant was re-charged with the same offenses as the first indictment, with the exception of third-degree possession of a firearm for an unlawful purpose.

Defendant moved to suppress evidence found in the warrantless search of the basement. The court conducted a suppression hearing on August 24, 2015 and heard the testimony of Sergeant Greenberg regarding the events leading to the arrest and search. The judge denied the motion in an oral opinion, finding the owner gave valid consent to search the home, defendant was lawfully removed from the home after being arrested, and the situation was "infused with exigency." The judge also found defendant's objection to the search could not override the owner's consent.

After denial of the suppression motion, defendant pled guilty to second-degree certain persons not to have weapons and was sentenced to nine years with a five-year term of parole ineligibility. The remaining charges were dismissed. This appeal followed. On appeal, defendant raises the following arguments:

> POINT I. THE SEARCHES OF THE BASEMENT WERE UNCONSTITUTIONAL AND ALL OF THE EVIDENCE RECOVERED MUST BE SUPPRESSED AS THE FRUIT OF

THOSE UNLAWFUL SEARCHES. <u>U.S. Const.</u>, amends.
IV, XIV; <u>N.J. Const.</u> art 1., par. 7.

    A. [Sgt.] Greenberg Did Not Have A Valid
Basis To Enter Or Search The Basement
Before Obtaining Consent.

    B. [The Homeowner's] Consent, Given After
The Search Began, Did Not Justify The
Initial Unlawful Intrusion.

When reviewing a motion to suppress, we "uphold the factual findings underlying the trial court's decision so long as those findings are supported by sufficient credible evidence on the record." <u>State v. Rockford</u>, 213 <u>N.J.</u> 424, 440 (2013) (quoting <u>State v. Robinson</u>, 200 <u>N.J.</u> 1, 15 (2009)). "Those findings warrant particular deference when they are 'substantially influenced by [the trial judge's] opportunity to hear and see the witnesses and to have a "feel" of the case, which the reviewing court cannot enjoy.'" <u>Ibid.</u> (quoting <u>Robinson</u>, <u>supra</u>, 200 <u>N.J.</u> at 15) (alteration in original). "To the extent that the trial court's determination rests upon a legal conclusion, we conduct a de novo, plenary review." <u>Ibid.</u> (citing <u>State v. J.D.</u>, 211 <u>N.J.</u> 344, 354 (2012); <u>State v. Gandhi</u>, 201 <u>N.J.</u> 161, 176 (2010)).

Both the United States and New Jersey Constitutions protect individuals against unreasonable searches and seizures. <u>U.S. Const.</u> amend IV; <u>N.J. Const.</u> art. I, ¶ 7. Because the search at issue was executed without a warrant, it is presumptively invalid;

to overcome this presumption, the State must show the search falls within one of the well-recognized exceptions to the warrant requirement. See Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043, 36 L. Ed. 2d 854, 858 (1973). The State bears the burden of demonstrating the seizure was legal. State v. Valencia, 93 N.J. 126, 133 (1983). Here, the trial judge found the search was legal for two reasons: the homeowners' valid consent to search and the exigent circumstances of securing the premises as safe for a minor child in the house.

Defendant argues Sergeant Greenberg did not have "a valid basis to enter or search the basement before obtaining consent." The trial judge found the homeowner gave valid consent, and defendant does not contest the validity of the consent later obtained. Defendant argues there was no consent when the sergeant went into the basement the first time prior to having defendant removed, and the subsequent consent given by the homeowner was not sufficient to allow the search and seizure of evidence.

A search conducted without a warrant can be valid if it is an exception to the general rule prohibiting warrantless searches. State v. Johnson, 193 N.J. 528, 552 (2008). The existence of exigent circumstances is one such exception. See ibid. To find exigent circumstances, the court should consider

6

> the degree of urgency and the amount of time needed to obtain the warrant; the reasonable belief that the evidence was about to be lost, destroyed, or removed from the scene; the severity or seriousness of the offense involved; the possibility that a suspect was armed or dangerous; and the strength or weakness of the underlying probable cause determination.
>
> [State v. Walker, 213 N.J. 281, 292 (2013) (citation omitted).]

The trial judge found the exigency of the circumstances supported the sergeant entering the basement based upon the presence of multiple individuals and a child in the house, when the officers knew a gun was likely in the basement somewhere. We have placed special emphasis on the possession and potential use of firearms to present exigent circumstances. State v. Wilson, 362 N.J. Super. 319, 332-33 (App. Div.), certif. denied, 178 N.J. 250 (2003); see State v. De La Paz, 337 N.J. Super. 181, 195-96 (App. Div.), certif. denied, 168 N.J. 295 (2001). "Our state law has long recognized the special significance of firearms and the threat they represent to public safety." Wilson, supra, 362 N.J. Super. at 333 (citing State in re H.B., 75 N.J. 243, 245-47 (1977)). "A deadly weapon poses a special threat to both the public and police, and its presence is a significant factor in evaluating whether there are exigent circumstances which justify a warrantless search." Ibid.

Moreover, "exigent circumstances [created by the presence of a deadly weapon] do not dissipate simply because the particular occupants of the vehicle may have been removed from the car, arrested, or otherwise restricted in their freedom of movement." Id. at 334 (quoting State v. Alston, 88 N.J. 211, 234 (1981)).

We found that "[t]he police were confronted with a dangerous situation which was not dissipated by the arrest and search of the suspects. There remained an urgent need to locate a missing and, in all probability, loaded handgun to eliminate the potential for deadly harm in a vulnerable public area." Id. at 336. Here, exigency was created by the need to locate a handgun missing in the presence of a child and other members of defendant's family, which police reasonably believed to be in the home of defendant's family.

Defendant argues the officers failed to satisfy the requirements for a protective sweep; however, the trial judge did not rely on the doctrine of protective sweep. "A 'protective sweep' is a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others. It is narrowly confined to a cursory visual inspection of those places in which a person might be hiding." State v. Cope, 224 N.J. 530, 546 (2016) (quoting State v. Davila, 203 N.J. 97, 113 (2010)). Here, at the time of the search, the officers

had arrested defendant, and there was no reason for them to believe there was another suspect present who posed a danger. As we have already noted, the trial judge correctly found sufficient exigent circumstances to justify the search.

Lastly, defendant asserts the evidence obtained from the basement must be suppressed because the officers lacked valid consent for the search. "New Jersey courts recognize the consent to search exception to the warrant requirement." State v. Lamb, 218 N.J. 300, 315 (2014) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043-44, 36 L. Ed. 2d 854, 858 (1973); State v. Domicz, 188 N.J. 285, 305 (2006)). As discussed above, the warrantless search was valid because there were exigent circumstances to justify it. Thus, consent was not required. Nonetheless, valid consent was given for the second search, which produced the evidence defendant seeks to suppress. Even if the officers lacked consent for the initial search due to defendant's objections, they had valid consent for the second search after defendant was removed. See Lamb, supra, 218 N.J. at 320 (finding lawful consent to search a residence after an objector was lawfully removed). Here, the second search occurred only after the officers received valid consent from the homeowner and defendant was lawfully removed from the home. Therefore, in addition to exigent

circumstances, the officers had valid consent to search the basement.

Any additional arguments introduced by defendant are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4242-15T2